IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,

      Plaintiff,                                No. CIV S-10-1046 LKK GGH

 vs.

CLARITA RAFAEL,
d/b/a Clarita's Oriental Store,         ORDER AND
                                              FINDINGS AND RECOMMENDATIONS

      Defendant.
_____/

      Presently before the court is plaintiff's application for entry of default judgment against defendant Clarita Rafael, d/b/a Clarita's Oriental Store, filed August 26, 2010.[1]  Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order and findings and recommendations.

BACKGROUND

      On April 29, 2010, plaintiff filed the underlying complaint in this action against defendant Rafael, alleging defendant unlawfully intercepted and exhibited a broadcast of a

---

[1] The matter was originally scheduled for hearing on October 7, 2010; however, it was vacated after the court determined that a hearing was not necessary.  (Order, filed September 30, 2010.)

1  program featuring a lightweight championship fight between Manny Pacquiao and Ricky Hatton
2  ("Program") in her establishment for commercial advantage without obtaining a sublicense from
3  plaintiff for its use, in violation of the Communications Act, 47 U.S.C. § 605, the Cable
4  Communications Policy Act, 47 U.S.C. § 553, and state law.  The complaint alleges defendant
5  exhibited the first round of the under-card portion of the Program, which was a bout between
6  Humberto Soto and Benoit Gaudet, on May 2, 2009.  The summons and complaint were served
7  on defendant Rafael by personal service on July 5, 2010.  Fed. R. Civ. P. 4(e)(2).  Pacific
8  Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default
9  judgment void without personal jurisdiction).  Defendant Rafael has failed to file an answer or
10 otherwise appear in this action.  The clerk entered default against defendant Rafael on July 29,
11 2010.
12         Request for entry of default and the instant motion for default judgment and
13 supporting papers were served by mail on defendant Rafael at her last known address.  Defendant
14 Rafael did not file an opposition to the motion for entry of default judgment.  Plaintiff seeks an
15 entry of default judgment in the amount of $112,000 against defendant Rafael.
16 DISCUSSION
17         Entry of default effects an admission of all well-pleaded allegations of the
18 complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.
19 1977).  The court finds the well pleaded allegations of the complaint state claims for which relief
20 can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).
21         The complaint requests, in the event of default, an award of damages pursuant to
22 47 U.S.C. § 605 *et seq.* (The Communications Act) and 47 U.S.C. § 553, *et seq.* (The Cable
23 Communications Policy Act), as well as compensatory and punitive damages for conversion, and
24 restitution for violation of Cal. Bus. & Prof. Code § 17200, *et seq.*  The instant motion for default
25 judgment requests damages pursuant to 47 U.S.C. § 605 in the amount of $10,000 in statutory
26 damages, up to $100,000 in enhanced statutory damages for willful acts for the purpose of

financial gain, and $2,000 in compensatory damages for conversion.[2] Section 605 prohibits the unauthorized publication or use of communications such as the Program. Section 605(e)(3)(A) also provides for a private civil action for a violation of 605(a). National Subscription Television v. S&H TV, 644 F.2d 820, 821 n. 1 (9th Cir. 1981).

The court deems defaulting defendant, by her failure to appear or defend this action, to have waived any objections to the statutory source of the damages prayed for in the instant motion. The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment support the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

One of the factors the court is free to consider in exercising its discretion to grant or deny default judgment is the sum of money at stake. See J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

Under section 605, statutory damages may be awarded between $1,000 and $10,000 for violation of the Federal Communications Act and up to $100,000 when the violation "was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. § 605(e)(3)(C)(i)-(ii). The fact of unauthorized display of such programs has been held to be willful based on the technical skill required to de-scramble signals and connect televisions to the cable distribution systems. Plaintiff has proposed a means of calculating enhanced damages based on the number of people viewing the program and the amount of the cover charge, citing Joe Hand Promotions, Inc. v. Cat's Bar, Inc., 2009 WL 700125, *2 (C.D. Ill. 2009). Here, there is evidence that the Program was shown on one television set, to an audience of 17 to 19 people in a relatively urban city with a population in excess of 100,000. There was a cover charge of $5.00, indicating that the showing of the

---

[2] Because plaintiff has eliminated her request for damages under § 553 and for restitution under state law, these damages will not be addressed.

Program was intended to increase business. (Yamot Aff., dkt. #7-3.)[3] Based on this evidence, an enhanced award of $100,000 is not warranted but rather a calculation based on the number of viewers, exhibition of the Program on only one television set, and the imposition of a minimal cover charge as cited by plaintiff, relying on Joe Hand Promotions, Inc. v. Cat's Bar, Inc., 2009 WL 700125, *2 (C.D. Ill. 2009), appears reasonable. This court therefore will recommend statutory damages under section 605 in the amount of $10,000 and enhanced statutory damages in the amount of $36,000. Inasmuch as an award of $46,000 in statutory damages will be permitted, plaintiff's request for damages for conversion should be denied.

Insofar as the application for default judgment seeks attorneys' fees and costs but the memorandum in support does not contain argument in support of this request, and there is no declaration supporting this request, it is denied without prejudice to its renewal at a later time.

## CONCLUSION

IT IS ORDERED that the Clerk of the Court shall serve these findings and recommendations on the defaulting defendant at the address indicated on plaintiff's proof of service of the instant motion.

In view of the foregoing findings, IT IS RECOMMENDED that plaintiff's motion for entry of default judgment, (dkt. # 7), be GRANTED in part. Judgment should be rendered in the amount of $10,000 in statutory damages and $36,000 in enhanced statutory damages for a total award of $46,000.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the

---

[3] The briefing in support of the application mistakenly states that there was no cover charge. (Dkt. #7-1 at 11.)

1  objections shall be served and filed within fourteen (14) days after service of the objections. The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: 02/07/2011

6                                                      /s/ Gregory G. Hollows
7                                                      _____
                                                       GREGORY G. HOLLOWS
                                                       UNITED STATES MAGISTRATE JUDGE
8  GGH:076/J&JSports1046.def.wpd